RUFUS P. HACKETT vs. BETSY LANE and others.

*Poor debtor's bond. Full damages where justices had no jurisdiction of case.*

To entitle a debtor to have the damages assessed under R. S., c. 113, § 52, the justices acting in the premises must be selected according to law, and have jurisdiction over that particular disclosure; otherwise the damages must be assessed according to the provisions of R. S., c. 113, § 40. *Blake v. Brackett,* 47 Maine, 28, affirmed. *Foss v. Edwards,* 47 Maine, 145, so far as relates to the question of damages, overruled.

The only bar to an action upon a poor debtor's bond, is a complete fulfilment, on the debtor's part, of one of its three alternative conditions.

Plea of performance of the conditions of such bond, according to the statute, estops the debtor from claiming it to be, by reason of its variance from the requirements of the statute, a common-law bond.

ON EXCEPTIONS.

DEBT on poor debtor's bond. Plea, the general issue, with a brief statement of performance of conditions, according to Chap. 113 of the Revised Statutes, and a counter brief statement denying such performance. Betsy Lane seasonably cited the plaintiff to attend her disclosure, and procured the attendance of a magistrate. Hackett was present at the time and place designated, but declined to select any justice to act in the premises. The only deputy sheriff who resided in the vicinity was temporarily absent, so that no proper officer to make a selection could be seasonably reached; and, in this dilemma, the debtor's attorney requested another disinterested magistrate to act with the one chosen by Mrs. Lane, and he complied. These two justices administered the oath and gave the certificate prescribed in R. S., c. 113. The plaintiff claimed judgment for the full amount of the execution, interest, and costs, according to section 40 of that chapter; and, though the defendant asserted the right to have the bond chancered, under R. S., c. 113, § 52, and offered evidence in reduction of damages, the presiding justice refused to admit it, and ordered such judgment to be entered as plaintiff claimed. The defendants excepted.

*Record & Hutchinson*, in support of exceptions.

Prior to Acts of 1848, c. 85, a failure to select the justices precisely according to the terms of the statute, caused an entire forfeiture of the bond. *Bunker* v. *Hall*, 23 Maine, 26.

This rigid rule worked so much hardship that the above statute was enacted to relieve parties from such fatal consequences on account of mere technical errors. Under that statute, the failure to select the justices precisely in accordance with the terms of the general statute; or the failure of the justices to perform their duties in exact accordance with the requirements of the law; did not, necessarily, work an entire forfeiture of the bond; but in a suit upon the bond, the defendants had a right to be heard in damages; and if no damages were proved, none were assessed. *Call* v. *Barker*, 28 Maine, 317; *Bard* v. *Wood*, 30 Maine, 155; *Sanborn* v. *Keazer*, 30 Maine, 457; *Baker* v. *Carleton*, 32 Maine, 335; *Hathaway* v. *Stone*, 33 Maine, 500; *Bailey* v. *McIntire*, 35 Maine, 106; *Winsor* v. *Clark*, 36 Maine, 110; *Hatch* v. *Norris*, 36 Maine, 419; *Bray* v. *Kelly*, 38 Maine, 595; *Haughton* v. *Lyford*, 39 Maine, 267.

The statute of 1848, c. 85, as modified by statute of 1856, c. 263, is incorporated in the R. S., c. 113, § 52; and the foregoing authorities are applicable to this case, as the present statute is in substance and spirit the same as that of 1848. *Foss* v. *Edwards*, 47 Maine, 145.

If it be contended, that section 52 contemplates the legal selection of the justices, then it has no conceivable legitimate meaning. If the justices be legally selected, it is a complete bar to an action on the bond. The very terms of that section contemplate errors in the selection of the magistrates.

The bond in this case is not a statute bond, either as to amount or conditions; and is, therefore, liable to be chancered. *Ross* v. *Berry*, 49 Maine, 443, and cases there cited; *Clark* v. *Metcalf*, 38 Maine, 122.

*S. & J. W. May*, for plaintiff.

The phrase, " having jurisdiction and legally competent to act in

the matter," as used in R. S., c. 113, § 52, means the matter of the one particular disclosure in which the magistrates are called to sit, and not the general matter of poor debtor's disclosures. Compare Acts of 1856, c. 263, and R. S. of 1857, c. 113, § 48; *Blake* v. *Brackett*, 47 Maine, 28.

After the construction given by the court in *Winsor* v. *Clark*, 36 Maine, 110, to Acts of 1848, c. 83, the legislature changed that statute by Acts of 1856, c. 263. The intention is that, before he can avail himself of the benefit of the oath and discharge, the poor debtor shall cause to be organized such a tribunal as the statute contemplates; otherwise, he shall derive no benefit from its proceedings. *Williams* v. *Burrill*, 23 Maine, 151–2; *Bunker* v. *Hall*, Ib. 27; *Burnham* v. *Howe*, Ib. 494; *Hovey* v. *Hamilton*, 24 Maine, 452.

There is no such thing as a general jurisdiction of justices over this subject; it is only a special jurisdiction over each case, as it arises, acquired by strict compliance with statute requirements.

The defendant's brief statement precludes him from claiming this as a common-law bond.

VIRGIN, J. This is an action on a bond, given by the defendants, to procure the release of Betsey Lane from arrest on an execution duly issued on a judgment in favor of the plaintiff. The question is, whether, after legally notifying the plaintiff, her taking of the poor debtor's oath before two justices of the peace and of the quorum, of the county where the arrest was made, one of which was selected by herself and the other by her attorney, brings the case within R. S., c. 113, § 52, so that the amount of damages " assessed shall be the real and actual damage."

After the enactment of c. 195 of the Pub. Laws of 1839, and prior to that of c. 85 of the Pub. Laws of 1848, a disclosure before two justices of the peace and of the quorum, not selected in the mode prescribed by the statute then in force, was considered void, as having been made before a tribunal having no authority to administer the oath and make the certificate. *Barnard* v. *Bryant*,

21 Maine, 209 ; *Bunker* v. *Hall*, 23 Maine, 26 ; *Clifford* v. *Burrill*, 23 Maine, 144 ; *Burnham* v. *Howe*, 23 Maine, 489.

But § 2, c. 85 of the Pub. Laws of 1848, provided that, " in all actions commenced, or which may hereafter be commenced, in the supreme judicial court or district court, upon any bond given by a debtor to obtain his release from arrest on mesne process or on execution or warrant of distress for taxes, if it shall appear that, prior to the breach of any of the conditions of such bond, the principal therein had been allowed, by two justices of the peace and of the quorum, to take and had taken before such justices, the oath prescribed in the 28th section of said c. 148 (R. S. of 1841), the damage shall be assessed by the jury, if such be the request of either party ; but if no such request be made, then by the court. The amount assessed shall be the real and actual damage and no more ; and any legal evidence upon that point may be introduced by either party."

This statute was followed by numerous decisions, giving a construction to it, and declaring, substantially, that whatever may be the legal incompetency of the justices selected, whenever the ·oath has been administered to the debtor, the amount of damages to be assessed on the bond must be the real and actual damage.

Thus, in *Bard* v. *Wood*, 30 Maine, 156, decided in 1849, the court say, " that statute includes all cases where the oath has actually been taken, although the justices had no jurisdiction."

And in *Sanborn* v. *Keazer*, 30 Maine, 457, Wells, J., speaking for the court, said, " Though there may have been a breach· of the bond on account of irregularity in organizing the justices' court, still, if in fact, they administered the oath, the case falls under the Act of 1848, c. 85." To a similar purport are *Baker* v. *Carleton*, 32 Maine, 335, and *Winsor* v. *Clark*, 36 Maine, 111.

And, finally, in *Houghton* v. *Lyford*, 39 Maine, 267, where the debtor was allowed to take the oath before justices of the peace and of the quorum of a county other than that wherein the arrest was made, Tenney, J., in delivering the opinion of the court, said : " Notwithstanding the breach of the condition of the bond, the

case falls within the provisions of the statute of 1848, c. 85, § 2, which restricts the damages to the amount which shall be the real and actual damage." This case was promulgated in 1855. And the next winter, the legislature, as appears by c. 263 of the Pub. Laws of 1856, amended c. 85 of the Pub. Laws of 1848, by omitting the unnecessary verbiage, and inserting after the word "quorum," the words, " of the county where the arrest was made, having jurisdiction and legally competent to act in the matter," leaving the remainder of the section as it was originally. And c. 85 of the Act of 1848, as thus amended by c. 263 of the Act of 1856, was incorporated into the R. S. of 1871, and became § 52 of c. 113. So that since the enactment of c. 263, the fact that a debtor has been allowed to take the oath before two justices of the peace and of the quorum, will not restrict the amount of damages recoverable on the bond to the real and actual damage, unless it also appear that the justices who allowed the oath were " of the county where the arrest was made, having jurisdiction and legally competent to act in the matter."

Under c. 85 of the Act of 1848, containing no provision in relation to the jursidiction of the justices selected to hear the debtor's disclosure, the court held in the cases cited, that it was sufficient to entitle the debtor to be heard in damages, even if the justices who allowed the oath were the debtor's own blood relatives, or were not officers within the county where the arrest was made; and the amendment of 1856 was enacted to put an end to such farces, and to return to the former mode. For the court had already declared in numerous cases what constituted jurisdiction in such cases.

Thus in *Knight* v. *Norton*, 15 Maine, 339, Shepley, J., said: " The preliminary proceedings must be in conformity to the provisions of the statute, to give the justices jurisdiction and authorize them to act."

And in *Williams* v. *Burrill*, 23 Maine, 154, Tenney, J., said: " That the persons composing the tribunal should be justices of the peace and of the quorum, and should also be selected according to the statute, are equally material."

And in *Barnard* v. *Bryant*, 21 Maine, 206, Whitman, C. J., said : " It was clearly the right of the creditor to select one of the magistrates ; and the debtor had no right, in any event, to select more than one. The proceeding was, therefore, wholly *coram non judice* and void. This case was re-affirmed in *Bunker* v. *Hall, ubi supra.* Thus the court had, at an early day, decided that justices selected otherwise than the statute-mode, had no jurisdiction in the matter, and all proceedings before them were, therefore, *coram non judice.*"

Such having been the adjudged signification of the term "jurisdiction" in matters of this kind, we think the legislature intended to give to it the same meaning in the amendment of 1856. And such was substantially the decision of this court in *Blake* v. *Brackett*, 47 Maine, 33, 34, wherein the principal question involved in the case at bar was discussed and distinctly decided.

The law as laid down in *Foss* v. *Edwards*, 47 Maine, 145, being inconsistent with this decision, is overruled.

But it is contended that if the amendment of 1856 contemplates the legal selection of the justices, " it has no conceivable legitimate meaning, and that such a selection would be a complete bar to an action on the bond."

We do not so understand the statute. On the contrary, the only bar to an action on a poor debtor bond is a complete fulfilment on the part of the debtor, of one of the three alternative conditions mentioned in R. S., c. 113, § 24. If the debtor would fulfil the first condition requiring him to " cite the creditor before two justices of the peace and of the quorum, submit himself to examination, and take the oath prescribed in § 30," he must follow the statute implicitly in all of its requirements ; and when he has done that, he has done all his obligation stipulated, and of course the action is barred. If, however, in attempting to do it, he follows the statute in the citation and selection of the justices, and the tribunal thus legally and fairly constituted omits some of the requirements, such, for instance, as the appraisal of the property disclosed by the debtor as contemplated in § 31, but allows him to take oath, then the

debtor would be entitled to be heard in damages under § 52. *Leighton* v. *Pearson*, 49 Maine, 100.

It is further contended that the bond in suit is not a statute. bond, either as to its amount or conditions.

But we do not think either of these questions are open to the defendants. By their brief statement, they distinctly ground their defense upon the alleged fact that the principal obligor fully performed the conditions of the bond by " disclosing the state of her affairs in accordance with the provisions of the 113th chapter of the Revised Statutes," and took the oath prescribed in the 30th section ; and this is as distinctly denied by the plaintiff's counter brief statement. The question thus presented was the one passed upon by the presiding justice, which, with the question of damages, was the only question relied upon by the court, and raised by the bill of exceptions.

Our conclusion is, that the justices who heard the alleged disclosure of the debtor, and allowed her to take the oath prescribed in § 30, not having been selected in the mode prescribed in § 42, had no jurisdiction of the matter, and their proceedings therein were consequently void, and would constitute no defense to this action. *Exceptions overruled.*

APPLETON, C. J.; WALTON, DANFORTH, DICKERSON, and BARROWS, JJ., concurred.